UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALVIN BERNARD WHITTLE, #1461521,

    Petitioner,

v.                                                  Case No.: 2:18-cv-32

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Alvin Bernard Whittle's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The *pro se* Petitioner alleges that his constitutional rights were violated in connection with his November 30, 2012, conviction in the Circuit Court of Mecklenburg County for rape. ECF No. 1. The Petitioner states he was sentenced to serve thirteen years in prison. *Id.*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas

relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

A. <u>Plaintiff has Failed to Exhaust His State Court Remedies</u>

The Petition indicates that Petitioner did not appeal his conviction to the highest state court. ECF No. 1 at 2 (responding "No" to the questions of "Did you appeal from the judgment of conviction?" and "Did you seek further review by a higher state court?"). Based on the foregoing, it did not appear that there had been an exhaustion of state court remedies in conformity with 28 U.S.C. § 2254(b) and the Court ordered Petitioner to show cause why this matter should not be dismissed for failure to exhaust available state court remedies. ECF No. 2. Petitioner timely responded to the Court's Show Cause Order on March 12, 2018, stating that

> I told my attorney that I wanted to appeal my conviction but he just abandon [sic] me[.] After the sentencing hearing was over I was informed that when you accept an Alford plea of guilt you could not appeal your conviction in the supreme court[.] He also refuse [sic] to call [sic] expert witness to testify[.] I do not have legal knowledge to present claims effectively that will grant relief for true justice[.] I completely misunderstood the procedures that are required by law and that is why I did not make the deadline for the state exhaustion and its remedies so I got time-barred.

ECF No. 3 at 1.

Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Breard*, 134 F.3d at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*,

2

771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). It appears from the record that Petitioner has circumvented Virginia's state courts by failing to first present his claims to the Supreme Court of Virginia, and therefore, he has not exhausted his state remedies. This he may not do.

B. <u>Plaintiff's Claims are both Exhausted and Procedurally Defaulted</u>

However, "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). If Petitioner were to raise these issues in a new state habeas petition to exhaust his state post-conviction remedies, he would be procedurally barred because the time for doing so expired on December 30, 2013, one year from the time of final disposition of the direct appeal, in this case when the time to appeal had expired, in state court. ECF No. 1; Va. Code. § 8.01-6735.3 (allowing thirty days after final judgment for a Defendant to appeal); § 8.01-654(A)(2). This situation is presented as simultaneous exhaustion and procedural default, which "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present her claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1. (1991)). Thus, if Petitioner now attempted to raise these claims in state court, they would be procedurally barred as untimely under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations after the cause of action accrues. Because "the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [all] of [Petitioner's] claims raised in the instant [P]etition must be treated

as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006); *Baker*, 220 F.3d at 288 ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim."); *Breard*, 134 F.3d at 619 ("A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default."). Thus, Petitioner's claim is both exhausted and procedurally defaulted.

C. <u>Petitioner Cannot Overcome Procedural Default</u>

This Court may not review the merits of Petitioner's procedurally defaulted claims. However, a petitioner may overcome procedural default by showing cause for the default and the prejudice resulting therefrom, or by showing that a fundamental miscarriage of justice (such as actual innocence) would occur if the court declined to address the merits of his petition. Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow*, 439 F. Supp. 2d at 588 (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).

The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S.

4

478, 488 (1986)); *see also Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." (quoting *Coleman*, 501 U.S. at 753)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 1:15cv781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)). Petitioner states that his own ignorance is the reason for his failure to timely seek relief in state court. ECF No. 3. This is not a cause that is external to Petitioner, but rather an internal cause, which is not sufficient to overcome procedural default. Thus, Petitioner has failed to show cause and prejudice such that it would excuse Petitioner's procedural default.

"[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014)

(quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, 7:17CV00072, 2017 U.S. Dist. LEXIS 106192, at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324). Liberal construction of Petitioner's Petition and response to the Court's Show Cause Order suggests that he is arguing actual innocence based on a "forensic analysis test results" or "forensic analysis report sheet" which was "withheld from [his] trial hearing" but purportedly demonstrated an absence of DNA evidence, thus proving he was innocent of rape. *See* ECF No. 1 at 5, 17 and ECF No. 3 at 2. Petitioner's argument fails, however. In the first instance, although he claims he was not provided with the forensic report which reported that no DNA was found, Petitioner admits he was aware of this finding before he pled guilty to the rape charge: "My attorney knew that there was no real evidence to convict me for the crime of rape. He told me this on April 30, 2012 in client conference. He said there was no 'DNA' found." ECF No. 1 at 5. The forensic report, which Petitioner claims the prosecutor received on June 12, 2012, ECF No. 1 at 17, but that he did not receive until January 23, 2014, ECF No. 3 at 2, merely confirmed what Petitioner had already been advised in April 2012. Inasmuch as Petitioner pled guilty to rape on November 30, 2012, he did so already knowing the Commonwealth lacked DNA evidence against him. The fact that Petitioner may not have had in writing that which was already known and not in dispute fails to establish the type of "new, reliable evidence" that would support a claim of actual innocence. Furthermore, the Commonwealth's lack of additional incriminating evidence does not reasonably lead to the conclusion that "no reasonable juror would have convicted [Petitioner] in light of the new evidence.'" *Jones*, 750 F.3d at 584. Thus, Petitioner has failed to show that a

miscarriage of justice has occurred such that it would excuse Petitioner's procedural default.

## CONCLUSION

This Court must decline to reach the merits of the Petition as this Court does not have jurisdiction to consider the claim Petitioner presents stemming from his rape conviction. This is because Petitioner failed to properly exhaust his state court remedies, resulting in his claims being simultaneously exhausted and procedural defaulted without sufficient reason to excuse the default. Therefore, the Petition is barred from federal review.

Accordingly, the undersigned **RECOMMENDS** that Petitioner's Petition for Writ of *Habeas Corpus*, 28 U.S.C. § 2254, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 1, 2019